1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM J. GRADFORD,                    Case No.: 1:19-cv-01783-LJO-SKO (PC)

12              Plaintiff,                    **ORDER DISCHARGING ORDER TO
                                             SHOW CAUSE AND GRANTING MOTION**
13        v.                                 **TO PROCEED *IN FORMA PAUPERIS***

14   TIEXIERA, et al.,                        (Docs. 2, 4)

15              Defendants.

16

17

18        On December 23, 2019, Plaintiff William J. Gradford filed a motion to proceed *in forma*

19   *pauperis* (IFP) pursuant to 28 U.S.C. § 1915(a). (Doc. 2.) In his motion, Plaintiff states that he

20   received a $3,000 settlement in 2019, which is significantly more than the $400 filing fee in this

21   action. (*Id.*) Therefore, the Court issued Plaintiff an order to show cause (OSC) why his motion to

22   proceed IFP should not be denied. (Doc. 4.)

23        Plaintiff responded to the OSC on January 6, 2020. (Doc. 5.) Plaintiff states that he

24   received the settlement approximately 7 months ago and the funds were "long ago … depleted."

25   (*Id.* at 5.) Plaintiff further states that he has not had a steady income and has been homeless since

26   being released from prison in November of 2018. (*Id.* at 3, 5.)

27        The Court notes that Plaintiff has not been incarcerated for over a year. Although a

28   plaintiff need not be completely destitute to proceed IFP, he must demonstrate that he cannot pay

the filing fee and "still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). A person who is incarcerated is provided with life's necessities by the state and taxpayers. Here, however, since his release from prison in 2018, Plaintiff has been responsible for his life's necessities.

In general, the Court may consider a plaintiff's "economic choices about how to spend his money." *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995); *see also Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If … inmate thinks that a more worthwhile use of his funds would be to buy peanuts and candy … than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor."). Here, however, given the length of time since Plaintiff's settlement and release from prison, and given the fact of Plaintiff's homelessness, the Court does not find that Plaintiff has chosen to pay for unessential items *instead of* paying the filing fee in this action. Rather, in his IFP motion and in response to the Court's OSC, Plaintiff shows that he would need to choose *between* paying the filing fee and paying for life's necessities. *See Adkins*, 335 U.S. at 339.

For the reasons set forth above, the Court finds that Plaintiff makes the requisite showing under 28 U.S.C. § 1915. Accordingly, the Court **DISCHARGES** the order to show cause, (Doc. 4), and **GRANTS** Plaintiff's motion to proceed *in forma pauperis*, (Doc. 2.)

The Court advises Plaintiff that, pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of every complaint filed by a *pro se* plaintiff proceeding *in forma pauperis* to determine whether it is legally sufficient. The Court must dismiss a complaint or portion thereof if the Court determines that the complaint is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, the Court may grant leave to amend if the deficiencies can be cured. The Court will screen Plaintiff's complaint in due course.

If appropriate after the case has been screened, the Clerk of the Court will provide Plaintiff with the requisite forms and instructions to request the assistance of the United States

Marshal in serving Defendants pursuant to Federal Rule of Civil Procedure 4.

IT IS SO ORDERED.

Dated:   **January 10, 2020**                              /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE