UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TIEXIERA; MCCARTHY,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01783-NONE-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION**<br><br>21-DAY DEADLINE |

　　　　Plaintiff William J. Gradford is proceeding *in forma pauperis* in this civil rights action. Plaintiff alleges the defendants subjected him to First Amendment retaliation. (Doc. 1 at 5-7.) The Court finds that Plaintiff's claims are barred by the statute of limitations. Thus, as a matter of law, Plaintiff is unable to cure the deficiencies in his pleading. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Accordingly, the Court recommends that this action be dismissed.

**I.　　SCREENING REQUIREMENT**

　　　　The Court must dismiss an action brought by a plaintiff proceeding *in forma pauperis* if the plaintiff has raised claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. DISCUSSION

Plaintiff states that, on December 5, 2016, while waiting in a holding cell to appear for court, he witnessed an inmate having a seizure. (Doc. 1 at 5, 7.) Plaintiff alleges that Deputy Sheriff Tiexiera grabbed the unresponsive inmate and threw him against the wall. (*Id.* at 5.) Plaintiff told Tiexiera that he planned to file a grievance regarding the incident. (*Id.*) Plaintiff alleges Tiexiera responded that he "would be next" if he said anything. (*Id.*) Plaintiff states that Deputy Sheriff McCarthy later told him, "If you know what's good for you, you will keep your mouth shut." (*Id.* at 7.) Over the next several months, Tiexiera and McCarthy mocked, taunted, and harassed Plaintiff "based on [his] Dec. 5, 2016 complaint." (*Id.* at 6.)

"The statute of limitations applicable to an action pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state in which the cause of action arose." *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011) (citations omitted). In California, "the applicable statute of limitations … is two years." *Jackson v. Barn*es, 749 F.3d 755, 761 (9th Cir. 2014).

The events underlying this action span from December 5, 2016, to May 9, 2017. (*See* Doc. 1 at 5-7.) The statute of limitations then ran for two years until May 9, 2019. Plaintiff initiated this action on December 23, 2019 (*see* Doc. 1)—more than seven months after the statute of limitations period expired. Plaintiff's claims are thus time-barred.

## III. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, Plaintiff's claims are barred by the statute of limitations. Accordingly, the Court **RECOMMENDS** that this action be **DISMISSED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."

///

///

1    Plaintiff's failure to file objections within the specified time may result in waiver of his
2    rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*
3    *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 27, 2020**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE