UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>           Plaintiff,<br><br>       v.<br><br>TIEXIERA, et al.,<br><br>           Defendants. | No. 1:19-cv-01783-NONE-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>(Doc. No. 11) |

      Plaintiff William J. Gradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On February 27, 2020, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed as barred by the applicable statute of limitations. (Doc. No. 11.) On March 4, 2020, plaintiff filed timely objections to the findings and recommendations. (Doc. No. 13.)

      In his objections, plaintiff does not dispute that his claims are time-barred. Instead, he states that he "is attempting to re-open this case which is the exact same case . . . #1:17-cv-00201-DAD-GSA." (*Id.* at 1.) Plaintiff states that he does not intend to subject the present action to "screening . . . because this exact same case . . . was settled on or about May 6, 2019. . . . However, Plaintiff has the desire to resettle this case and all other related cases." (*Id.* at 3.) The

court notes that, on May 7, 2019, the parties in Case No. 1:17-cv-00201-DAD-GSA filed a joint stipulation to voluntarily dismiss that action. *See Gradford v. Tiexiera, et al.*, No. 1:17-cv-00201-DAD-GSA (E.D. Cal. 2019) (Doc. No. 87).[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis. Because plaintiff initiated this action on December 23, 2019, and the events underlying this action occurred on or before May 9, 2017 (*see* Doc. No. 1), this case is barred by the two-year statute of limitations applicable to actions brought pursuant to § 1983 actions. *See Jackson v. Barnes*, 749 F.3d 755, 761 (9th Cir. 2014). Furthermore, the court notes that plaintiff may not attempt to reopen a closed case by initiating a new, identical case. *See Cato v. United States*, 70 F.3d 1103, 1105 (9th Cir. 1995) (court may dismiss "under § 1915(d) a complaint 'that merely repeats pending or previously litigated claims'") (citations omitted). If plaintiff seeks relief from his voluntary dismissal of Case No. 1:17-cv-00201-DAD-GSA, he must file a motion in that case seeking such relief. *See* Fed. R. Civ. P. 60.

Accordingly,

1. The findings and recommendations issued on February 27, 2020 (Doc. No. 11) are adopted in full;
2. This action is dismissed with prejudice; and,
3. The Clerk of the Court is directed to assign a district judge to this case for the purposes of closure and then to close this case.

IT IS SO ORDERED.

Dated: **March 11, 2020**

                                              UNITED STATES DISTRICT JUDGE

---

[1] The court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2